# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| ANTONIO POOLE, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:14-cv-01884 |
| | ) JUDGE CRENSHAW |
| LOWE'S HOME CENTERS, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court are Defendant's Objection to Plaintiff's Designation of Deposition Testimony (Doc. No. 194), Plaintiff's Motion to Alter or Amend Judgement pursuant to Federal Rule of Civil Procedure 59(e), and to Continue Trial and/or in the alternative, for Voluntary Dismissal (Doc. No. 196), and Plaintiff's Motion to Quash (Doc. No. 203). Defendant's Objection to Plaintiff's Designation of Deposition Testimony (Doc. No. 194) was voluntarily **WITHDRAWN** during the January 12, 2017 hearing, and for the reasons stated on the record, Plaintiff's Motion to Quash (Doc. No. 203) is **DENIED as moot**.

As to the remaining motions (Doc. No. 196), the Court construes Plaintiff's Rule 59(e) motion as a Rule 54(b) motion, as the January 6, 2017 Order is an interlocutory order and the Court has not entered final judgment. F.R.C.P 54(b) ("any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). For the following reasons, Plaintiff's Motion to Alter or Amend is **DENIED**, Plaintiff's Motion to Continue Trial is **DENIED**, and Plaintiff's Motion for Voluntary Dismissal is **DENIED**.

I. PLAINTIFF'S MOTION TO ALTER OR AMEND

Plaintiff filed this Motion regarding the admissibility of the expert opinions of Randy Gray and Steven J. Koontz. On January 6, 2017, the Court entered an Order striking Gray's opinion as untimely, and Koontz's opinion for failing to meet the evidentiary requirements under Federal Rule of Evidence 702. (Doc. No. 193.) Plaintiff argues that disclosure of Gray's testimony was not untimely because "Plaintiff served expert disclosure on August 31, 2015, which contained opinions by Mr. Gray" (Doc. No. 197.) Defendant states that the August 31, 2015 disclosure was incomplete, and that Defendant did not receive the complete disclosure of Mr. Gray's opinions until Friday, December 16, 2016, one month before trial. (Doc. No. 145.)

Courts may reconsider interlocutory orders where there is "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Louisville/Jefferson Cty. Metro. Gov't v. Hotels.com, L.P., 590 F.3d 381, 389 (6th Cir. 2009) (quoting Rodriguez v. Tenn. Laborers Health & Welfare, 89 Fed. Appx. 949, 959 (6th Cir. 2004)). Here, Plaintiff bases his motion on the Dawn Forbes' Declaration, claiming the Declaration is "new evidence not obtainable at the time of Plaintiff's responsive pleading." (Doc. No. 197 at 4.)

As stated during the January 6, 2017 hearing, the Court reviewed the August 31, 2015 and December 16, 2016 Gray disclosures and determined that the August 31 disclosure was incomplete. (Doc. No. 144-1.) Dawn Forbes' Declaration simply states that she faxed "a complete copy of Plaintiff's Rule 26 Expert Disclosure to Lowe's initial attorney." (Doc. No. 197-1.) She did not include a copy of the actual disclosure faxed, so she did not refute that the August 31, 2015 disclosure did not contain Gray's full opinion. (Id.) Defendant provides the declaration of John W. Simmons, Lowe's initial attorney, who confirms receipt of the Gray disclosure and provides an

actual copy of both the faxed disclosure and the subsequently mailed disclosure. Neither document contain the Gray opinion provided on December 16, 2016. (Doc. No. 201.) Plaintiff has failed to establish that the December 16, 2016 Gray disclosure was timely disclosed on August 31, 2015.

Plaintiff also argues that striking of Koontz's testimony is a clear error of the law, because Koontz is qualified to give an expert opinion and his opinions are reliable because they are based on the laws of physics. As the Court stated during the January 6, 2017 hearing, Koontz's opinions are based on his "analysis" and "testing." However, his opinions are not reliable because there is no explanation, description or foundation of what analysis or testing was performed to justify his opinions. For these reasons, the Court found that Plaintiff failed to establish that Koontz met the requirements under Federal Rule of Evidence 702.

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Alter or Amend.

PLAINTIFF'S MOTION TO CONTINUE TRIAL

Plaintiff's Motion to Continue Trial until the Court addresses the merits of Plaintiff's Motion to Amend or Alter is **DENIED,** for the reasons stated in court.

II. PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

Federal Rule of Civil Procedure 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." Grover by Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994) (citing Banque de Depots v. Nat'l Bank of Detroit, 491 F.2d 753, 757 (6th Cir. 1974)).

Here, Plaintiff seeks to voluntarily dismiss his case because of the Court's ruling to strike Plaintiff's expert witnesses. (Doc. No. 197 at 13.) Defendant opposes dismissal. (Doc. No. 200.) The Court finds that permitting Plaintiff's voluntary dismissal without prejudice would constitute

plain legal prejudice. As the Sixth Circuit held, "to effectuate this purpose, district courts consider whether permitting voluntary dismissal will cause the nonmovant to suffer 'plain legal prejudice,' . . . In determining whether such prejudice would result, courts typically consider 'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.'" Smith v. Holston Med. Grp., P.C., 595 F. App'x 474, 477 (6th Cir. 2014) (affirming the district court's finding of plain legal prejudice when it denied Plaintiff's Rule 41(a)(2) motion based on exclusion of the plaintiff's expert). Accordingly, the Court **DENIES** Plaintiff's Motion for Voluntary Dismissal.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE